Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS from the Opinion and Award of the Deputy Commissioner the following FINDINGS OF FACT:
The following were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement dated August 8, 1994, as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant-employer was self-insured.
4. Plaintiff's average weekly wage was $308.49, yielding a compensation rate of $205.67 per week.
5. The Industrial Commission Form 22 and Form 18 were stipulated into evidence.
6. Plaintiff's medical records were stipulated into evidence.
* * * * * * *
Based upon all of the competent credible evidence of record, the Full Commission makes the following
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was 35 years old. He completed the tenth grade in school. Plaintiff worked off and on for defendant-employer, and at the time of the hearing, he continued to be employed by it in a lighter duty position than the subject machine operator job, which he began on or about April 4, 1990.
2. At the time of the alleged contraction of an occupational disease, plaintiff's "machine operator" job involved loading washing machines with jeans for the stone-washed, hurricane or pre-wash process. The job was production based, with production being eight loads per shift. Plaintiff typically completed eleven to twelve loads each shift. Plaintiff loaded the machines with ten to twelve dozen pairs of jeans weighing approximately 160 pounds and also loaded stones used in the stone-wash process. After the machines were finished, plaintiff removed the wet jeans, loaded them in a buggy and then pulled the jeans out with his left hand and removed the stones with his right. Plaintiff normally worked six days per week for eight hours each day with frequent over-time.
3. On July 10, 1992, plaintiff sought medical treatment at the emergency room of the local hospital for pain in his left arm and chest and breathing difficulties. Plaintiff continued to experience pain in his left arm and chest, but kept working for defendant-employer, although he missed approximately twenty days of work in 1992.
4. Plaintiff was treated by Dr. Wallace Nelms, the plant doctor, on four occasions in 1993 for his pain in his left underarm. He was subsequently treated by Dr. A. H. Marsigli, an orthopedic surgeon, and Dr. Pierre-Arnaud Lemaire, a general surgeon. Plaintiff has chronic sprain of the left pectoralis muscle. At the time of the hearing before the Deputy Commissioner, plaintiff was 6', 6" tall and weighed 189 pounds. Dr. Marsigli testified that plaintiff got better on weekends, and had no permanent disability. He opined that plaintiff "had to use his pectoralis in a sort of reasonable, forceful fashion and obviously he has long arms and very little shoulder power and it gave him the problem." No physician testified that the problem was due to causes and conditions characteristic of and peculiar to plaintiff's job.
5. In August 1993, plaintiff's job duties were changed to handyman/janitor for defendant-employer. At the time of the hearing, plaintiff continued to be employed in this capacity.
6. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. Loading and unloading washing machines was part of his normal job duties, and there was nothing unusual or out of the ordinary to cause his physical complaints which occurred on the job prior to plaintiff's emergency room visit on July 10, 1992, or otherwise.
7. There is insufficient evidence of record from which to prove by its greater weight that the washer-loading job placed plaintiff at an increased risk of developing the chronic sprain of his left pectoralis muscle, as compared to members of the general public not so employed.
8. There also is insufficient evidence of record from which to prove by its greater weight that plaintiff's chronic sprain of his left pectoralis muscle is an occupational disease which was due to causes and conditions characteristic of and peculiar to his employment with defendant-employer, excluding ordinary diseases of life to which the general public is equally exposed.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. Plaintiff's disability was not related to causes and conditions which are characteristic of and peculiar to his employment with defendant-employer, and excluding all ordinary diseases of life to which the general public was equally exposed. N.C. Gen. Stat. § 97-53 (13); Booker v. Duke MedicalCenter, 297 N.C. 458, 256 S.E.2d 189 (1979); Click v.Pilot Freight Carriers, Inc., 300 N.C. 164, 167,265 S.E.2d 389 (1986).
2. As a result, plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-53.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs.
 S/ __________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ __________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ __________________ LAWRENCE B. SHUPING, JR. DEPUTY COMMISSIONER
JRW/jss/md